IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARO B. GROSS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:21-cv-03145-E-BT |
| § | |
| JOCELYN MICHELS STUFFLEBEAN § | |
| et al., § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE[1]

*Pro se* Plaintiff Daro Gross filed this civil action against Defendants Jocelyn Michels Stufflebean, John Stufflebean, David Gross, Mieke Strand, Judge Lauren Jones, Julie Emede, Joseph Derrough, William Hoyt, and Bart Call to recover $308,000,000 for the alleged murder of his mother Winifred Gross, under California law, Cal. Code Civ. Proc. §§ 850 & 857, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c). Compl. (ECF No. 1). All defendants live in the Southern District of California and Winifred was allegedly murdered there. *Id.* at 2-3. Plaintiff's pleadings lack any facts that allege any connection to the Northern District of Texas. *Id.* at 3-5.

---

[1] Although the United States Magistrate Judge is authorized to transfer cases by *pro se* parties to the proper or appropriate district or division, *see* Miscellaneous Order No. 6, the undersigned determines that Plaintiff should be sanctioned for his litigation conduct and thus issues these findings, conclusions, and a recommendation.

1

Plaintiff originally filed an identical lawsuit (the "First Action") in the Northern District of Texas on December 14, 2021. *See Gross v. Stufflebean*, 3:21-cv-03107-L-BH (N.D. Tex. filed on Dec. 14, 2021). On December 15, this Court ordered the First Action be transferred to the Southern District of California under 28 U.S.C § 1406(a), 28 U.S.C. § 1391(b), and 18 U.S.C. § 1965 because "the defendants appear to be located in the Southern District of California, the events upon which this case is based appear to have occurred there, and the interests of justice support transfer to that district." Mem. Op. 2 (ECF No. 6), *in id*. Plaintiff filed a motion asking this Court to reopen the First Action. Mot. to Reopen Case (ECF No. 7), *in id*. And this Court denied the Motion. Mem. Op. 2 (ECF No. 9), *in id*. Accordingly, the case was transferred to the Southern District of California. *See Gross v. Stufflebean*, 3:21-cv-02109-JLS-DEB (S.D. Cal. transferred on Dec. 20, 2021).

Apparently unhappy with this result, Plaintiff put a stop payment on his filing fee of $402 paid to the Northern District of Texas in the First Action and filed the current action in the Northern District of Texas with an identical claim—the same parties, the same factual allegations, and the same causes of action. The Northern District of Texas incurred a $53 fee for insufficient funds from the stop payment. Plaintiff then paid the filing fee in the current case. Upon consideration of the pleadings and this action's procedural posture, the magistrate judge recommends that District Court transfer this case to the Southern District of California and order Plaintiff to pay sanctions to the Northern District of Texas in

2

the amount of $455, the cost of the filing and insufficient-funds fees from the First Action.

## Legal Standard

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). According to this well-settled rule, typically, if the instant case pending before the Court and an earlier-filed case pending in another federal court "overlap on the substantive issues, the cases [should] be . . . consolidated in . . . the jurisdiction first seized of the issues." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (internal quotation marks omitted). That is because "[t]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed," and, "[t]herefore, the 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id.* at 920 (internal quotation marks omitted). "Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." *Cadle*, 174 F.3d at 605 (internal quotation marks omitted).

"The rule does not, however, require that cases be identical." Regardless of whether the issues or parties in the cases are identical, "[t]he crucial inquiry is one of 'substantial overlap,'" and if the cases "overlap on the substantive issues, the cases [are] required to be consolidated in . . . the jurisdiction first seized of the issues." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (internal quotation marks omitted); *Jaye v. Crane Merch. Sys.*, 2020 WL 406942, at *2-3 (N.D. Tex. Jan. 24, 2020). If this Court finds that the issues in the two case might substantially overlap, "the proper course of action [is] for the court to transfer the case to the [California] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle*, 174 F.3d at 606.

## Analysis

In this case, the First Action is identical to this action. The parties are the same. The factual allegations are the same. The causes of action are the same. Consequently, the Court determines that substantial overlap exists in this action. Accordingly, in the interests of sound judicial administration and judicial economy, this action must be transferred to the Southern District of California to determine which case should proceed. *See, e.g.*, *Jaye*, 2020 WL 406942, at *3.

Furthermore, Plaintiff filed this action after stopping payment on the First Action. This action is completely frivolous because this Court already determined that venue is proper in the Southern District of California. While "the judicial system is generally accessible and open to all individuals," *Kaminetzky v. Frost*

4

*Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995), "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants . . . *Pro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty.*, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). In view of Plaintiff's frivolous second action and cost to the district courts, the Court should impose sanctions prohibiting Plaintiff from filing future *pro se* actions in the Northern District of Texas without first paying the $455 filing and insufficient-funds fees to this Court.

## Recommendation

The Court should transfer this case to the Southern District of California and order Plaintiff to pay sanctions to the Northern District of Texas in the amount of $455. Plaintiff should be prohibited from filing another *pro se* action in the Northern District of Texas until the sanction is paid.

**SO RECOMMENDED.**

December 30, 2021

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE